# Charleston.

JOHN T. HARRIS *vs.* FISHER A. LEWIS.    .

January Term. 1872.

1. Where there is nothing in the record to show upon what ground the court below acted, in granting a new trial, and in the absence of anything to show the contrary, this court must presume that the court acted properly.

2. When in an action of covenant, the declaration does not allege the happening of the event or condition upon which the obligation was to become due and payable, it is not error to sustain a demurrer thereto.

3. It was not error to permit the pleas in this case to be filed, which in substance alleged that the sum named in the obligation sued on should be paid six months after the ratification of peace between the United States and the Confederate States, and the said event had not arrived and never could arrive; and that the contract was contrary to public policy, and that as the horses for which the obligation was executed were about to be impressed in the federal army, both of the parties living in insurrectionary territory, the contract whereby the plaintiff took the risk of the establishment of the Southern Confederacy for the payment of his horses, was one of hazard and depended upon a political result highly injurious to the best interests of the country and against public policy.

4. Where there is a plain variance between the declaration and the bond offered in evidence under it, there is no error in refusing to permit it to go to the jury in evidence.

Action of covenant brought in the circuit court of Jefferson county, in January, 1868.

It is conceived to be unnecessary to give any further statement of the case than is found in the opinion of Judge Maxwell, except the substance of the pleas which were allowed to be filed by the defendant below, and which filing was claimed to be error. The pleas averred that the county of Jefferson was declared by the President of the United States

to be in insurrection; that plaintiff and defendant both resided therein, and at the date of the transaction about which this suit arose it was under military occupation by the United States forces. That plaintiff proposed if defendant would risk taking the former's horses at the price mentioned in the covenant, they being liable to be impressed and captured daily by the federal forces, that he would risk the chances of the establishment of the Southern Confederacy for his pay, and on no other consideration was the covenant execut. That the time for the payment of the two hundred dollars in the covenant according to the true effect and meaning thereof, had not arrived and could not arrive. That shortly after he took the horses they were in fact captured by the federal forces and were forever lost to the defendant. That the contract in covenant was one of hazard and depended on a political result highly injurious to the best interests of the country and in violation of the statute and against the public policy, &c.

The plaintiff brought the case here for review.

*J. W. Kennedy* for the plaintiff in error.
*C. J. Faulkner* for the defendant in error.

MAXWELL J. This was an action of covenant on the following paper:

[$200.]

Six months after the ratification of peace between the United States and Confederate States I promise and bind myself, my heirs, &c., to pay to John T. Harris, his heirs or assigns, the sum of two hundred dollars in gold, or its equivalent in current funds, for value received. As witness my hand and seal, with interest from date, this 20th day of June, 1864.                                    F. A. LEWIS, [SEAL.]

[Stamp 10 cts.]

There was a trial by jury and a verdict for the plaintiff for $200, damages, which verdict was set aside by the court and a new trial granted. After the new trial was granted the plaintiff filed an amended declaration containing four counts, to each of which the defendant demurred and the first three counts were held void. The defendant then tendered two

special pleas to the filing of which the plaintiff objected, but the court allowed them to be filed, and when filed the plaintiff took issue upon them.

The cause was then tried and a verdict found for the defendant, on which a judgment was rendered.

The first ground assigned as error is that the court erred in awarding a new trial in this cause. There is nothing in the r~o rd to show upon what ground the court acted and in the absence of anything to show the contrary, we must presume that the court acted properly.

The second ground is that the court erred in sustaining the demurrer to the first three counts of the amended declaration. Each one of these three counts avers that the defendant covenanted with the plaintiff in the manner and form following: That the said Fisher A. Lewis, should and would pay to the said John T. Harris, six months after the ratification of peace between the United States and the Confederate States, for value received, &c. Neither of the counts avers the happening of the event or condition upon which the obligation was to become due and payable, that is the ratification of peace between the United States and the Confederate States. The counts were therefore all void and the demurrer properly sustained.

The next point is that the court erred in permitting the two special pleas to be filed. By the code, p. 602, § 20, it is provided that " the defendant in any action or suit may plead as many general matters whether of law or fact as he shall think necessary." The pleas appear to be in sufficient form, and no reason is apparent why they were not properly allowed to be filed.

*Nadenbousch & Riddle* vs. *Sharer & Martin*, 2 W. Va. 285; *Maggart* vs. *Hansbarger*, 8 Leigh 532.

The fourth point is that the court erred in refusing to permit the bond sued on to go to the jury.

There was a plain variance between the fourth count and the bond offered in evidence under it, and it was properly rejected.

It is claimed that judgment was improperly rendered against the plaintiff for costs.

73

Chapter 138, § 8, p. 663, of the Code, provides that except where otherwise provided, the party for whom final judgment is given in any action shall recover his costs.

Final judgment was rendered against the plaintiff which was properly for costs. The judgment complained of will have to be affirmed with damages and costs.

The other judges concurred.

JUDGMENT AFFIRMED.