# CHARLESTON.

EDWIN PARDUE *et als. v.* COUNTY COURT OF LINCOLN COUNTY

(No. 6185)

Submitted February 8, 1928.   Decided February 21, 1928.

MANDAMUS—*Where it Would be Unavailing, or Require Perform-
ance of Act Illegal or Contrary to Public Policy, Manda-
mus Will be Denied.*

Mandamus will be denied where its issuance would be un-
availing, or where it would require respondent to perform an
act illegal, or in contravention of public policy.

(Mandamus, 38 C. J. §§ 19, 23, 29.)

(NOTE: Parenthetical references by Editors, C. J.—Cyc. Not
part of syllabi.)

Original proceeding by the State on the relation of Edwin
Pardue and others, residents and taxpayers of the Duval Dis-
trict of Lincoln County, for mandamus to be directed to the
the County Court of Lincoln County.

*Writ denied.*

*Alexander Falconer,* for relators.

*Price, Smith & Spilman* and *D. E. Wilkinson,* for
respondent.

LIVELY, JUDGE:

Upon this mandamus proceeding, petitioners who are residents and tax payers of Duval Magisterial District of Lincoln County, seek to compel the county court of Lincoln County, to assign, transfer, and set over to the district road bond fund certain sums of money claimed by them to have been illegally taken from the road bond fund, out of county funds from which said sums should have been paid. The contention is that the county court has expended sums of money out of the road bond fund, which were payable from other funds, and it is now sought to compel it to reimburse the bond fund out of the other funds which, in the first place, should have borne the expenditures. The voters of Duval district authorized the issuance of bonds in the sum of $100,000.00 for improvement of four roads therein, naming them and allocating to the main road $60,000.00, to two others $15,000.00 each, and to another $10,000.00. The county court improved and completed the roads by expending thereon the bond money supplemented by about $8,000.00 from the county road levy. It has exhausted the road bond fund, and also the county and district road levy funds. Relators say, however, that the county court has illegally expended out of the road bond money $11,298.53 for rights of way for the four roads; $564.08 for repairs to, and oil and gas for, an automobile used by the engineers on the projects; $4,194.44 for salaries of the two engineers employed thereon, and $6,018.39 for a bridge on one of the roads. They also say that on three of the roads about $13,000.00 more money was spent than was allocated to those roads respectively. They ask that the road bond fund be reimbursed out of the proper county funds. The county court in its return seeks to justify the expenditures made by it of the bond funds, giving in full detail the expenditures on each road, and the necessities therefor; and avers that each expenditure was proper and authorized under sec. 31, chap. 6, Acts 1923, sec. 2, chap. 14, Acts 1923, and sec. 3, chap. 43, Code. Relators assert that these expenditures were not legal because rights of way, bridge, salaries of engineers etc. were not specifically mentioned in the submission to the voters,

and that all questions respecting a bond issue must be submitted to the electorate.and receive at least three-fifths of the votes cast for and against, and in popular grants of money of this character the county court is limited in its expenditures to the specific purposes for which the grants were made under the order of submission; citing *Lawson* v. *County Court,* 80 W. Va. 612; *Harner* v. *County Court,* 80 W. Va. 626; *Haws* v. *County Court,* 86 W. Va. 650, and kindred cases.   On the other hand, respondent says that the expenditures made by it for rights of way, etc., were under the statute properly payable out of the road bond fund, and that the voters were bound to take notice of the statutes, and its requirement, although these items of expenditures were not specifically mentioned in the order of submission to them.   In other words, that the voters were bound to know the law and that by virtue thereof these expenditures could lawfully be made. As to the items paid out for engineering, automobile repairs and oil and gas, which relators say should have been paid out of the general county levy, we find that by sec. 2, chap. 14, Acts 1923, that ''All engineering and inspection costs, including a proper proportion of the compensation, salaries and expenses of the engineering staff of the political division properly chargeable to any work of improvement, \* \* \* *shall be deemed part of the costs of an improvement.*''  These items of expenditure are therefore not payable out of the fund raised by taxation for general county purposes.  They are not properly included in the budget for general purposes, but are chargeable to the funds raised by taxation for road purposes.   It is immaterial to decide, in this case, whether the items were payable out of the road bond fund or payable out of the county or district road levy.   Nor do we deem it necessary, for the purposes of this case, to pass upon the issue raised by the pleadings in respect to whether all the expenditures claimed to have been illegally paid out of the bond money should have been paid out of that fund, or should have been paid out of the county or district road funds.  That issue might arise for decision in a case where such expenditures were directed to be expended but had not been, and the county court was mandamused to apply the

bond money in a certain manner.   But in this case the expenditures have already been made, and the relief sought is to compel respondent to replace those expenditures to the road bond fund out of some other proper fund not designated by relators.   Let it be conceded in this case, that the expenditures alleged to be illegal by relators were in fact paid out illegally, and not deciding that question, but admitting for the purpose of this case that such expenditures were illegal, will mandamus lie under the facts here developed to compel the county court to reimburse that fund out of other county funds?   The road bond fund could not be reimbursed out of the general county fund, for that fund is levied and collected for specific purposes as set out in budget at the levy term and can not be used for any other purpose than that for which they were levied and collected.   The only funds out of which reimbursement could be made are the county road fund and the district road fund of Duval district.   The return says, and it is not denied, that both of these funds have been exhausted. There is no present fund upon which mandamus would operate; but it was suggested in argument that we could compel, by mandamus, the court to reimburse the bond road fund out of funds which may hereafter come into the possession of the court applicable for that purpose.   This proposition means that the future levies for general road purposes and district road purposes should in this way be subjected to the operation of a present mandamus.   This position is untenable for two reasons.   First, the general road fund levy is provided to meet necessities which might arise in various parts of the county, and is a fund to be applied when and where necessities arise.   The application of this fund is within the discretion of the court as well as the amount which it will levy. Mandamus does not usually go to control discretion, much less to usurp and supersede it.   To tie up these future levies for a year or series of years in advance would be an attempt to anticipate and foresee every exigency and contingency that might arise which would affect the public road necessities in other parts of the county.   *East St. Louis* v. *Zebley,* 110 U. S. 321.   Second, we can see no relief which would be accorded to relators if the district road levy of future years was to be

applied to the bond fund, for the bonds are paid by levies upon the district property. These relators therefore would be "taking money out of one pocket and putting it into another", using a common figure of speech. "A mere abstract right, unattended by any substantial benefit to the relator will not be enforced by mandamus." *Hall* v. *Staunton,* 55 W. Va. 684. There is another reason which prevents mandamus. Take it for granted that the county court has borrowed from the road bond fund or illegally expended therefrom moneys which should be paid out of the county or district road fund, the result of this conclusion is (the two funds having been exhausted), that the county court has created a debt which must be discharged by the levies of future years. Under sec. 12, chap. 126, Acts 1919, (Barnes' Code, 1923, chap 28-A, sec. 12), it is unlawful for a county court to incur any obligation or indebtedness which it is not expressly authorized by law to expend or incur. It cannot create a debt to pay which it does not have funds legally at its disposal. It cannot bind the levies of future years for the payment of any such debt. Mandamus in this case to compel them to levy taxes to reimburse the road bond fund would, in spirit, be a violation of this salutary statute. It would permit a county court to create a debt in this indirect way, and then force it to pay out of future levies.

A court will not issue mandamus to compel a respondent to do an illegal or wrongful act in contravention of public policy. 18 R. C. L. 142, sec. 58. "It has been held although an officer whose action is sought to be coerced may have put it out of his power to perform his duty, and may be liable in damages therefor, still where he cannot perform the act, and this is clear to the court, the peremptory writ will not ordinarily be issued against him." 18 R. C. L. 139, sec. 54. Mandamus is not a writ of right but may be issued or withheld in the sound discretion of the court. The writ will not issue if the court can see that it will operate to the detriment rather than to the benefit of the general public, or cause great disorder and confusion in the fiscal affairs and duties of the officers of a public corporation. *Board of Excise* v. *School District,* 31 Okla. 553, Ann. Cas. 1913-E, 369. If the writ

can not be obeyed because of lack of money or means of obtaining it, the writ is generally denied, as its issuance would be unavailing. *State ex rel. Matheny* v. *County Court,* 47 W. Va. 672, 18 R. C. L. 139, sec. 55.

It might be well to state that public officers and bodies, in the preparation of bond issues and the expenditures of popular grants of money derived therefrom, should with scrupulous care acquaint the electorate with full information both before and after the bond issue concerning its expenditure and the purposes for which it is used. Relators would have been in a better position to obtain judicial determination of the questions raised on the merits of this controversy if the money had not been expended and the debt to the bond fund had not been incurred, or if there had been funds legally at the disposal of the county court with which the bond fund could have been reimbursed.

The writ will be denied.

*Writ denied.*