# CHARLESTON.

Monongalia Improvement Company, *et als. v.*
P. D. Morris, *Judge, etc.*

(No. 6389)

Submitted October 10, 1928. Decided October 23, 1928.
Written opinion filed October 29, 1928.

*Everett F. Moore* and *W. H. Conaway,* for relators.

*McCamic & Clarke, Jay T. McCamic* and *Lloyd Arnold,*
Prosecuting Attorney, for respondent.

LITZ, JUDGE:

An alternative writ of mandamus awarded by this court on the petition of the relators, commands the respondent, the Honorable P. D. Morris, as judge of the circuit court of Marshall county, "to hear and determine" the appeal of relators from the ruling of the Board of Review and Equalization of Marshall county "upon the evidence certified to the court by said board," as required by section 129, chapter 29 of the Code, or show cause why he should not be compelled to do so.

The relators consist of numerous corporate and individual owners of undeveloped coal lands in Marshall county, which for a number of years has been assessed for taxation at $40.00 per acre. These lands were returned this year for taxation by the owners at $15.00 per acre. The assessor having listed the properties, as previously assessed, at $40.00 per acre, the relators offered evidence before the Board of Review and

Equalization on an application for a reduced valuation. The board having refused the relief sought, the relators appealed to the circuit court. The final order, disposing of this appeal, follows:

"On this 28th day of August, 1928, came the appellants and applicants, by A. D. Williams, A. L. Hooton, W. H. Conoway, Walter A. McGlumphey, A. M. Nichols, J. K. Spurgeon, and Everett F. Moore, their counsel; and came, also the State, County and Districts, by Lloyd Arnold, Prosecuting Attorney of Marshall County, West Virginia.

Thereupon, this cause came on this day to be heard upon appeal, the record, exhibits, list of properties, and the evidence heretofore filed in the Clerk's office of this court by an order entered herein on the 16th day of August, 1928, granting this appeal.

Thereupon, the Court proceeding to determine said appeal, is of opinion and doth adjudge, order and decree that the prayer of said petition for appeal be denied, and said appeal dismissed, to which action of the court the petitioners and appellants accept.

At the request of the counsel for petitioners and appellants, the court will file herein its written opinion, to be made a part of the record in this proceeding.

At the request of counsel for petitioners and appellants, it is further ordered that leave be granted to file their briefs, and that the same be made a part of the record herein.

Upon further motion of counsel for petitioners and appellants leave was asked to make the remarks of the court upon the hearing of this appeal, which were taken down by James F. Shipman, Reporter, a part of the record, which leave is accordingly granted and said remarks of the Court are hereby made a part of the record herein."

It is alleged, as the basis of this proceeding, that the judge of the circuit court arbitrarily dismissed the appeal without considering the record. In support of the charge, which is denied in the sworn return and answer of the respondent, evidence is offered to show that prior to the day fixed for the hearing on the appeal he had declared his unwillingness to grant the property owners any relief. A stenographic report

of an alleged colloquy between respondent and attorneys for relators at the time of the entry of the order is also presented to substantiate the charge. This report does not, as relators contend, establish an admission on the part of the judge that he was dismissing the appeal without considering the record. He had been in possession of the record and the briefs of counsel for several days, and, according to his emphatic statement, was familiar with the evidence. It cannot be said from the evidence in this proceeding that the respondent did not hear and determine (whether rightly or wrongly) the appeal upon the evidence certified from the Board of Review and Equalization. "The office of the writ (of mandamus) being to compel action by the unwilling, it will not issue if the duty sought to be enforced has already been done or is being performed. If the act is already being done the writ would be fruitless." 38 C. J. 553.

We are not concerned with the questions as to whether the evidence justified the decision of the judge of the circuit court, or whether he may be required by mandamus, under section 129, chapter 29, Code, to render a specific judgment. Neither question is comprehended by the alternative writ. "The peremptory writ can not enlarge upon the alternative writ and award relief not demanded. *Fisher* v. *Charleston*, 17 W. Va. 628; *Doolittle* v. *County Court*, 28 W. Va. 158; *Hebb* v. *Clayton*, 5 W. Va. 578; 38 C. J. 932; 18 R. C. L. 359; High on Extraordinary Legal Remedies (3rd ed.), 507; Merrill on Mandamus, 359." *Johnson* v. *Board of Canvassers*, 102 W. Va. 703.

The peremptory writ is denied.

*Peremptory writ denied.*