## CHARLESTON.

COMMERCIAL CREDIT COMPANY *v.* ARLENE ALTIZER *et al.*

(No. 6401)

Submitted May 7, 1929.    Decided May 14, 1929.

*Samuel Solins,* for plaintiff in error.
*Froe, Capehart & Miller,* for defendant in error.

HATCHER, JUDGE:

The defendants purchased an automobile under a conditional sales contract at the price of $2938.15. $1393.00 was paid in cash and the balance was to be paid in twelve monthly installments of $128.77 each. The contract was assigned to the plaintiff to whom one installment was paid, leaving a balance of $1416.38. No further payments were made. Upon continued default in the installments, this action of detinue was instituted to obtain possession of the automobile. A bond was given for $3,000.00 and plaintiff immediately took the car in possession. No order was indorsed on the summons by the clerk directing the seizure of the machine as the statute provides (see Code, chapter 102, section 2), and there is no evidence that it was ever taken in charge by an officer, although the agent of plaintiff who repossessed it says he went ''over there with the deputy sheriff.'' The car was advertised and sold at public auction under the supervision of the attorney for plaintiff, who followed the statutory provisions relating to sales of property repossessed under conditional sales contracts. It was bought by plaintiff at the sale for $1325.00, leaving $91.38 due on the purchase price. Plaintiff then recovered a judgment in another action against defendants for $298.21, which included the balance due, costs of conducting the sale, etc.

After all this was done plaintiff brought this case to trial, and asked for an instruction that it should retain possession of the automobile without damages for detention. The court refused this instruction, and on its own motion directed the jury to find for the defendants. A judgment of *nil capiat* was entered against the plaintiff.

The proof clearly demonstrates that pending this action the plaintiff, proceeding independently hereof, has not only acquired the permanent possession of the automobile, but has recovered a judgment against defendants for the full balance of its claim against them. Consequently, there is no longer any dispute between these parties. There is no *res* to be adjudicated. Plaintiff now seeks only to have a right declared which has already been established in its favor under

the conditional sales contract. Its demand is therefore not a practical one, and should not be entertained. *State* v. *Lambert*, 52 W. Va. 248, 250; 24 Stand. Ency. Pro. 392; 1 R. C. L., 316, 317. "A party will not be permitted to maintain an action which is merely vexatious or which is unnecessary and could not be productive of any practical results; and accordingly an action should be dismissed, if by reason of circumstances occurring prior to its determination the question involved has ceased to be a practical one, leaving only a moot question." 1 C. J., p. 975-6, section 71.

No demand for the automobile prior to the institution of this action was proven. A demand in cases where the possession is lawfully acquired may not always be necessary in order to prepare the way for detinue, though some authorities so hold. Annotation, 80 Am. St. Rep., 753-4; 18 C. J., p. 998, sec. 19; 6 Ency. Pl. & Pr., p. 650; 23 R. C. L., p. 888. But failure to make demand in such cases should prevent recovery of costs where repossession is not resisted.

The judgment of the circuit court is therefore affirmed.

*Affirmed.*