STATE *ex rel.* THE FIRST HUNTINGTON NATIONAL BANK *v.* STATE ROAD COMMISSION *et al.*

(No. 7320)

Submitted May 19, 1932. Decided May 24, 1932.

*Fitzpatrick, Brown & Davis,* for relator.

*H. B. Lee,* Attorney General, *R. Dennis Steed,* Assistant Attorney General, *J. Luther Wolfe,* and *K. K. Hyre,* for state road commission.

*Rummel, Blagg & Stone,* for Superintendent of Insurance of New York state.

*Robt. H. C. Kay,* for Western Savings & Deposit Bank of Pittsburgh.

LIVELY, JUDGE:

Yost Construction Company contracted with the State Road Commission to build a state highway and gave bond for faithful performance and for payment of claims of workmen and materialmen, with Southern Surety Company of New York as surety. It completed the highway, but became heavily indebted to its general creditors and to the workmen and materialmen. Two of its general creditors, Porter Supply Company and Allis-Chalmers Manufacturing Company, in February, 1932, instituted a general creditors' suit in the circuit court of Cabell County, and this proceeding in mandamus is to compel the state road commission to pay over to the receiver in the general creditors' suit the balance in its hands owing on the highway contract, and which amounts to $36,541.15. The Southern Surety Company of New York became financially embarrassed and by New York Supreme Court order of March 22, 1932, the superintendent of insurance of the state of New York was directed to take charge of its affairs for liquidation. That officer intervenes in this proceeding by petition and sets up his claim to the fund in litigation, and resists the application for mandamus, alleging that the Yost Construction Company, when it made the contract, assigned all moneys coming to it thereunder to the Surety Company to indemnify it, seting up the assignment, and claiming the fund for distribution to the materialmen and laborers. He avers that certain named materialmen and laborers have assigned their claims to Western Savings & Deposit Bank of Pittsburgh, aggregating $48,318.09, and said bank has called upon the Surety Company for payment, and that the claims for material and labor, so far as he has knowledge, amounts to $78,087.26. He admits the jurisdiction of the circuit court of Cabell county to adjudicate the amounts payable to the laborers and materialmen, but denies the right

of the receiver to the possession of the fund for diversion to any other purpose, and insists that payment of the equitable liens thereon of the laborers and materialmen shall not be prejudiced or lessened by payment of the costs and expenses of the general creditors' suit. The Pittsburgh Bank also intervenes by petition, sets up its claim as assigned, and resists the application.

The state road commission's answer alleges that materialmen and laborers have filed claims with it against the funds in its hands, which claims amount to $29,769.17; that the constitution and statutes require it to see that the road money in its hands shall be applied to the building of roads and not diverted to payment of general claims; that the fund in its hands does not belong to the Construction Company, but has been assigned by the latter to the Surety Company, which has become insolvent and is now in the hands of a receiver, and that it is incumbent upon the commission, for that reason, to apply the fund to the payment of claims of laborers and materialmen. The commission admits the jurisdiction of the circuit court to ascertain the amounts owing to the various materialmen and laborers in their proper order of priority and answers that it will, when said claims are so adjudicated, pay out to them upon order of the court entered of record the amounts which are decreed to them, averring that under the statute, it has been given the right of distribution of the funds. Petitioner, the receiver in the creditors' suit, demurs to the answer and several petition, and replies specially to them.

The issue, raised by the pleadings, is the *possession* of the fund. All parties seem to admit that the fund is primarily for the protection of, and payment to, the materialmen and laborers the amounts found to be due them, under *State* v. *Coda*, 103 W. Va. 676, 138 S. E. 324, and *Capon Valley Bank* v. *Commission*, 111 W. Va. 491, 163 S. E. 44; and, (in accord): *Alexander* v. *Aetna, etc. Co.*, 296 Ill. 500, 129 N. E. 871; and cases cited and discussed in 38 Yale Law Journal, 31. The proper distribution of the fund is the material matter about which all parties are vitally interested, and pending an order of distribution, the possession of the fund is of little con-

sequence. The fund now in the hands of the commission, a state agency, is as safe from impairment as if in the hands of either the receiver of the creditors' suit, or the receiver of the Surety Company. By the commission's answer, it will hold the fund intact to meet a decree of distribution to the laborers and materialmen, and will obey that proper decree—a judicial admission by which it will be bound. We are of opinion that the application for mandamus is premature and at this time will accomplish no useful purpose, and therefore deny the writ.

*Writ denied.*