H. M. NICELY, *etc., et al.*

*v.*

PUBLIC SERVICE COMMISSION OF WEST VIRGINIA, *et al.*

(No. 9876)

Submitted January 8, 1947. Decided January 28, 1947.

*Preston & Davis,* for petitioners.

*W. J. Maier, Jr.,* and *H. Clare Hess,* for respondents.

RILEY, JUDGE:

H. M. Nicely, doing business as Economy Movers & Storage, and Economy Movers & Storage, Inc., filed their joint application praying for an appeal from and suspen-

sion of an order of the public service commission of West Virginia, dated June 25, 1946, authorizing the transfer and assignment from the former to the latter of P. S. C. M. C. Certificate No. F-1211-A. The certificate authorizes Nicely, as a common carrier, to transport by motor vehicle household goods, office furniture, and store fixtures and equipment, excluding merchandise for sale or resale, within the counties of Kanawha, Putnam, Lincoln, Boone, Fayette, Clay, Roane and Jackson, and between points and places in said counties and points and places within the confines of the State of West Virginia, and to transport commodities generally, including machinery other than heavy machinery requiring special equipment for loading and unloading low-grade commodities, building materials and supplies and crated furniture within Kanawha County and between points and places in Kanawha County and points and places in the aforementioned counties other than Kanawha County. The order authorizing the transfer imposed upon the assignee conditions that, except with the consent of the commission, (a) no additional stock in the corporation shall be issued to anyone other than the petitioner Nicely, and (b) no stock in the corporation now, or hereafter, owned by Nicely shall be sold, transferred or assigned by him. It is of the imposition of the aforesaid conditions that the petitioners herein complain.

Under certificate No. F-1211-A, issued on August 11, 1942, after hearing under Section 3, Article 6, Chapter 50 (Motor Carrier Act; designated in its title to be Chapter 24-A of the Code of West Virginia), Acts of the Legislature, 1937, as amended and reenacted by Chapter 86, Acts of the Legislature, 1939, Nicely has been operating a trucking business. Besides his motor equipment he owns other property of value, which has been operated by him in conjunction with his trucking business. In order to segregate his regulated business from his other activities, Nicely, together with his two sons, formed the petitioning corporation, and applied to the public service commission for its approval of the transfer of his certificate of convenience and necessity and

equipment to the corporation in exchange for its capital stock. Prior to the instant proceeding Nicely had entered into negotiations with one George T. Martin for the transfer and assignment of a part of said certificate No. F-1211-A and made application to the commission for the approval of said transfer and assignment as shown by the record in MC Case No. 5746, which application was denied. The order of June 25, 1946, complained of here, recites that the commission takes cognizance of that former proceeding in the determination of the instant case. The record in this case discloses that between the issuance of the certificate held by him and the hearing in this proceeding Nicely did not operate in a number of the counties embraced in his territory, and transported little other than items of furniture and fixtures, and almost a negligible amount of commodities generally.

In a supplemental statement of the reasons for the entry of the order complained of the commission stated that if it had been of opinion that it was without power and authority to impose the conditions on the ownership and transfer of the shares of Stock of Economy Movers & Storage, Inc., it would have considered the imposition of other conditions on the certificate sought to be transferred to the petitioning corporation which would restrict the scope of the authority evidenced by the certificate in issue, both in territory and commodities, to the extent to which Nicely had, in the three years following the issuance of the certificate, reduced his operations. The question considered by the commission was whether to impose the conditions set forth in the instant order, of which petitioners complain, or reduce the operating area defined in said certificate to the area within which Nicely had operated since he had received it and limit the commodities he is thereby authorized to carry to those which he had transported during the three years since he became the holder of the certificate. It is contended by the commission, as appears from its supplemental statement, that the imposition of the conditions complained of would secure

the stablization of the service in the territory covered by M. C. Certificate No. F-1211-A. It seems to take the position that under the conditions prescribed by it, other carriers serving in the territory, embraced in said certificate, would be protected against a possible increased activity on the part of said transferee in those localities wherein it is now giving little or no service, and that if the transfer had been made without placing conditions on the transfer of the corporate stock, control might easily fall into the hands of those, who, by reason of aggressiveness and financial ability, might desire, without the consent of the commission, to enter upon a program to exploit the entire field open to them under the certificate of convenience, and by such action destroy the stabilization of the industry in the territory formerly not fully exploited under said certificate. Section 5 (c), Article 2, Chapter 50, Acts of the Legislature, Regular Session, 1937, as reenacted by Chapter 86, Acts of the Legislature, 1939, and as amended and reenacted by Chapter 126, Acts of the Legislature, Regular Session, 1945, provides: "* * * No certificate issued under this act shall be assigned or otherwise transferred without the approval of the commission." On the basis of this provision it is contended that Nicely has no vested right in the certificate which he now holds and in the granting of a new certificate to the petitioning corporation, the commission may impose reasonable conditions. But there is nothing in the statute which delegates to the commission the power to impose conditions on the ownership and transfer of the stock of a corporate certificate holder. True, Section 4 (b), Article 5, Chapter 50, Acts of the Legislature, 1937, provides that when upon proper application it appears that a consolidation, merger, purchase, lease, operating contract, or acquisition of control "will be consistent with the public interest, it shall enter such order as it may deem proper and as the circumstances may require, attaching thereto such conditions as it may deem proper." This section, as disclosed by the title "Merger or Joint Ownership" deals primarily with such subject matter and, in our opinion, the

power delegated thereby to the commission to attach to an order approving an application under such conditions "as it may deem proper", is confined to conditions involving the actual operation of the carrier within the territory embraced in its certificate of convenience and necessity, and does not in the case of a corporation empower the commission to impose upon the carrier as a condition precedent to the granting of an application under said Section 4 the right to provide for restrictions on the corporate structure of the corporation, such as restrictions on the sale and transfer of its stock. If such had been the intendment of the Legislature, it should have so provided as did the Congress of the United States in delegating power to the Interstate Commerce Commission over common carriers by railroad (except a street, suburban or interurban electric railway which is not subject as a part of the general steam railway system of transportation), as provided in 41 Stat. 494, Chapter 91, Section 439 (Title 49 U. S. C. A. Section 20a (2) ).

We do not agree with the position of the commission that an approval of the transfer to petitioning corporation without restrictions as to ownership and transfer of its corporate stock will tend to unstabilize the industry, in the territory covered by Nicely's certificate of convenience and necessity. The fact that Nicely during the three-year period in which he has held his present certificate has not fully operated thereunder in the territory covered thereby can be remedied by the commission by the amendment of the certificate under Section 5 (d), Article 2, Chapter 50, Acts of the Legislature, Regular Session, 1937, as reenacted by Chapter 86, Acts of the Legislature, Regular Session, 1939, and Chapter 126, Acts of the Legislature, Regular Session, 1945, which provides that "The commission may at any time, for good cause, suspend and, upon not less than fifteen days' notice to the grantee of any certificate and an opportunity to be heard, revoke or amend any certificate." Under this subsection of said Section 5, the commission has full power, acting in the public interest, over the certificate in question, and if upon a remand of this case the

commission should approve the transfer involved in this case without any condition upon the ownership and transfer of the stock of the petitioning corporation, it may condition said transfer upon such restrictions and conditions in the certificate itself as will serve the public interest and will not submit other carriers competing in the territory covered by Nicely's certificate to unfair and hazardous competition.

Inasmuch as the commission has not passed upon the last-mentioned question and should have an opportunity to do so in the first instance, we reverse the order of June 25, 1946, *in toto* for the sole reason that the order contains restrictions as to the stock of the petitioning corporation, and remand the case to the public service commission for a reconsideration thereof in the light of the principles herein set forth.

*Reversed and remanded.*