STATE *ex rel.* PUBLIC SERVICE COMMISSION OF WEST VIRGINIA

*v.*

GEORGE W. WILLIS

(No. 12508)

Submitted October 19, 1965.     Decided November 2, 1965.

*John E. Lee,* for relator.

*George W. Willis,* in pro. per.

HAYMOND, JUDGE:

This is an original proceeding in mandamus instituted in this Court September 27, 1965, in which the petitioner, the Public Service Commission of West Virginia, herein sometimes referred to as the commission, seeks a writ to require the defendant, George W. Willis, to comply with an order of the petitioner entered July 12, 1965 in Case No. 5937 then pending before the commission.

Upon the petition this Court issued a rule returnable October 19, 1965 and at that time this proceeding was submitted for decision upon the petition and the argument of counsel in behalf of the commission. The defendant was not represented by counsel and he filed no answer or other pleading. He appeared in person, however, and made an oral statement of his reasons for failing to comply with the foregoing order of the commission entered July 12, 1965.

The proceeding in which the order of the commission was entered was based upon a formal complaint by C. A. Marshall and other persons against the defendant for his failure to render adequate water service in the area in which he is authorized to operate. A hearing was held in that proceeding on August 20, 1964, and by order entered October 15, 1964, the commission found that the complaint of inadequate service was justified and supported by evidence given in the hearing. In its order of October 15, 1964 the commission directed the defendant Willis to take such steps as should be necessary to provide his consumers in the area known as Cabell Heights with water of sufficient pressure to supply adequate and uninterrupted service. On April 30, 1965, the commission entered another order in the proceeding which stated that the complaints of inadequate water service were continuing and that an investigation by the staff of the commission indicated that the defendant Willis had not complied with its prior order of October 15, 1964.

The order of April 30, 1965, directed that a formal investigation of the water service furnished by the defendant be instituted and provided that Willis be made a defendant in such proceeding; that the matter be set for hearing in the Raleigh County Courthouse at Beckley, West Virginia, on May 7, 1965, and directed the defendant Willis to appear and show cause, if any he could, why he should not be required to provide adequate water service near Beckley in that county. At the hearing of the matter which was held at that time C. A. Marshall, a complainant, the defendant Willis, the commission by its attorney and H. B. Brown,

its engineer, appeared and evidence was introduced. The matters in question were then submitted for decision pending receipt by the commission of a report by its engineering department to determine the water pressure from a line of the Beckley Water Company, to which the engineer of the commission had directed the defendant Willis to connect a new line to provide sufficient water pressure for the complainants in the Cabell Heights area; and the report of the engineering department was submitted on June 16, 1965. As a result of the hearing the commission found that the defendant Willis had not complied with its order of October 15, 1964, and that the recommendation of its engineering department that he comply with the requirements stated in a letter to him of April 7, 1964, and a memorandum of the engineering department, dated June 16, 1965, should be adopted and performed by the defendant Willis.

By its order entered July 12, 1965, the commission directed the defendant Willis (1) To arrange with Beckley Water Company for a two-inch connection with its line on the old Eccles Road in the Cabell Heights area of Raleigh County; (2) to make a connection with Beckley Water Company and from such connection to extend a new two-inch line to and connect with an existing two-inch main of the defendant in the vicinity of the residence of the complainant C. A. Marshall in the Cabell Heights area; (3) to install a gate valve on the existing two-inch main of the defendant Willis at a point below the Buchanan residence in the Cabell Heights area; and (4) to report to the engineering department of the commission when the foregoing connection and installations are commenced and completed.

In his appearance before this Court the defendant orally admitted that he had not complied with the foregoing directions of the commission for the stated reason that the Beckley Water Company refused to permit him to install a two-inch connection with its water system. The purported refusal of the Beckley Water Company, however, was not conceded by the petitioner or established by any proof.

By Section 1, Article 2, Chapter 24, Code, 1931, as amended, jurisdiction of the Public Service Commission extends to all public utilities in this State and includes any utility supplying water by municipalities or other persons. By Sections 2, 5 and 7, Article 2, and Section 1, Article 3, of the same chapter, the commission is empowered, whenever it shall find that any service is inadequate, to determine and declare, and by order fix reasonable measurements, regulations, acts, practices or service to be furnished, imposed, observed and followed in lieu of those found to be inadequate or otherwise in violation of the statute and make such order respecting the matter as shall be just and reasonable. With respect to the jurisdiction of the commission under Sections 2, 5 and 7, Article 2, heretofore referred to, and Section 1, Article 3, Chapter 24, Code, 1931, to supervise and regulate the extension of facilities and services to be furnished by a public utility the only limitation upon the power and the authority of the commission to control the facilities, charges and services of all public utilities and to hear and determine the complaints of persons entitled to the services which such utilities afford is that the requirements imposed by the commission shall not be contrary to law and that they shall be just and fair, just and reasonable, and just and proper. *State ex rel. The City of Wheeling* v. *Renick,* 145 W. Va. 640, 116 S. E. 2d 763; *United Fuel Gas Company* v. *Public Service Commission,* 103 W. Va. 306, 138 S. E. 388, 52 A. L. R. 1104.

Under Section 2, Article 2 of the same chapter of the Code, the commission is authorized to compel obedience to the lawful orders by a proceeding in mandamus. The language of that section, to the extent here pertinent, is that "The commission may compel obedience to its lawful orders by mandamus or injunction or other proper proceedings in the name of the State in any circuit court having jurisdiction of the parties or of the subject matter, or the supreme court of appeals direct, and such proceedings shall have priority over all pending cases."

From the foregoing it is clear that mandamus is the proper remedy to compel a public utility to comply with a

lawful order of the Public Service Commission of this State.

The facts alleged in the petition, which are not denied, show that the defendant has failed to comply with the order of the commission entered July 12, 1965, and that the commission has the clear legal right, in a proceeding in mandamus in this Court, to enforce compliance with its order by the defendant.

For the foregoing reasons the writ of mandamus as prayed for is awarded.

*Writt awarded.*