STATE *ex rel.* PUBLIC SERVICE COMMISSION
OF WEST VIRGINIA

*v.*

INDIAN CREEK GAS COMPANY, *a West Virginia corporation, et al.*

(No. 13045)

Submitted February 16, 1971.          Decided March 9, 1971.

*Augustine A. Mazzei, Jr.*, Legal Division, Public Service Commission, for relator.

*Hanna & Ross, Homer W. Hanna, Jr.*, for respondents.

CAPLAN, PRESIDENT:

In this original proceeding in mandamus the Public Service Commission of West Virginia, hereinafter sometimes called Commission, seeks to compel the Indian Creek Gas Company, a corporation; Harold E. Bradley, its President, and George T. Martin, alleged to be the principal stockholder of said corporation, to comply with an order of the Public Service Commission entered on December 29, 1970 in Case No. 7037. Upon the petition of the Commission this Court granted a rule returnable January 13, 1971. By agreement of the parties this matter was continued to February 16, 1971, at which time it was submitted upon the pleadings and upon briefs and arguments of counsel for the respective parties.

The order involved in this matter was the result of the hearing of a formal complaint registered by certain customers of Indian Creek Gas Company. In this complaint it was alleged that Indian Creek failed to provide adequate gasline pressure, that the gas service was shut off completely on occasion without notice and that the gas lines, being poorly maintained, are dangerous. On December 10 and 22, 1970 hearings were held during which time the Commission was advised that George T. Martin had acquired sixty percent of the stock of Indian Creek Gas Company. It was also divulged during the hearing that Indian Creek owed a considerable amount of money to Consolidated Gas Supply Corporation for natural gas furnished to Indian Creek. On December 29, 1970 the Commission entered an order requiring the respondents to:

1. Elect a president or other officer to direct the operation of the corporation.

2. Advise the Commission of the name of the person so elected.

3. Have such person so elected to forthwith proceed to take over the management of the corporation and to take such steps as are necessary to provide a continued and uninterrupted supply of gas to the customers of the corporation, and

4. To make such arrangements as are necessary to meet its obligations to Consolidated Gas Supply Corporation in order that Indian Creek may continue to purchase gas from Consolidated Gas Supply Corporation.

It is alleged by the Commission in its petition for a writ of mandamus that the respondents have disregarded the Commission's order.

In responsive pleadings the respondents assert that this is not such an order as can be enforced by mandamus. They say that this is not a final order and that to require compliance therewith while the matter is still pending before the Commission would constitute a piecemeal handling of the case. Although the complaint case under which this proceeding arose is pending before the Commission, it is well settled, where the circumstances so warrant, that an order of the Commission may be enforced by mandamus and such order need not be a final appealable order. Code, 1931, 24-2-2, as amended, provides: "* * * The commission may compel obedience to its lawful orders by mandamus * * * in * * * the supreme court of appeals direct * * *." This is succinctly expressed in the syllabus of *State ex rel. Public Service Commission of West Virginia v. Willis*, 150 W.Va. 175, 144 S.E.2d 630, in the following language: "Mandamus is the proper remedy to compel a public utility to comply with a lawful order of the Public Service Commission of this State."

The pleadings further show that of the four requirements of the order three have been complied with fully. A president of the corporation has been elected to direct the operation of

the corporation and the Commission has been so advised. Furthermore, arrangements have been made to meet the obligations of Indian Creek to Consolidated Gas Supply Corporation. This is readily admitted by the Commission.

The only requirement in issue is "that that officer forthwith proceed to take over the management of the corporation, to take such steps as are necessary to provide a continued and uninterrupted supply of gas to customers of the corporation." The relator, the Public Service Commission of West Virginia, says that this has not been done. Specifically it contends that nothing has been done to improve the system to insure continued and uninterrupted service to its customers. The respondents, on the other hand, say, that so far as practicable, they have complied with the order of the Commission and that by reason thereof the writ of mandamus should be denied.

In order to resolve this dispute, that is, whether there has been compliance with the requirement in issue, it is necessary to examine the record of the proceedings before this Court. In a meeting of the directors of Indian Creek Gas Company, held on February 11, 1971, a copy of the minutes of which is made a part of the record, Mr. Donald Cameron, a director, was elected managing director to take charge of the day-to-day operations of Indian Creek Gas Company. This constitutes compliance with the first part of the questioned requirement in that someone has been chosen to "take over the management of the corporation."

The other provision of that requirement, to take such steps as are necessary to provide a continued and uninterrupted supply of gas to the customers of the corporation, is substantially in the process of being complied with. In the same meeting of the directors, the minutes reveal that during a discussion relating to the "upgrading of the system and lines of the Indian Creek Gas Company", the directors voted to employ Mr. Duncan Malcolm, a consulting geologist, "to make an analysis and survey of the present business to determine what is necessary to put it in proper condition." By letter dated February 15, 1971, a copy of which is made a part of the record, Mr. Malcolm accepted this employment and said

that the study will get underway immediately. In further compliance with this requirement Indian Creek has entered into a contract with Industrial Gas Company, a corporation, for a secondary supply of natural gas which is now being supplied.

The recent action taken by the directors of Indian Creek, as described above, demonstrates that a substantial effort has been made to comply with the order of the Commission. The latter now complains that nothing has been done to improve the system. This was not the essence of the order. Indian Creek was ordered to take such steps as are necessary to improve gas service to its customers. Those cognizant of the problems attending the operation of a relatively small gas company know that the actual correction of the defects cannot be accomplished immediately. The record shows that Indian Creek is now taking a proper course to insure adequate gas service to its customers.

In *State ex rel. Hall v. County Court of Mercer County*, 100 W.Va. 11, 129 S.E. 712, the Court said in Point 2 of the syllabus, "Mandamus will not issue to compel a party to perform an act which he has already begun to do, and it is apparent that he will in good faith perform." This syllabus point was made Point 1 of the syllabus of *State ex rel. Nelson v. Ritchie*, 154 W.Va. 644, 177 S.E.2d 791. The purpose of a writ of mandamus is to compel performance by the unwilling. It will not be employed "to require acts which are being performed or have been performed, or will be performed without coercion." 52 AM. JUR. 2d, *Mandamus*, Section 36. See also *State ex rel. Hedrick v. Board of Commissioners of the County of Ohio*, 146 W.Va. 79, 118 S.E.2d 73; *State ex rel. Beckley Newspapers Corporation v. Hunter*, 127 W.Va. 738, 34 S.E.2d 468; *Monongalia Improvement Company v. Morris*, 106 W.Va. 243, 145 S.E. 387; 52 AM. JUR. 2d, *Mandamus*, Section 89, 55 C.J.S., *Mandamus*, Section 10b.

We are of the opinion that the respondents have taken action which demonstrates their willingness to comply with the order of the Commission and that, if carried out, full compliance will be accomplished. Therefore, under the foregoing principles, the writ of mandamus must be, and it is denied.

The relief sought is denied solely for the reason that, on the record now before the Court, such relief is not warranted. However, we hasten to point out that the respondents do owe a duty to furnish their customers with adequate gas service. Therefore, the course taken by the directors of Indian Creek Gas Company, the ultimate aim of which should be to render proper service, must be pursued promptly, with diligence and without unreasonable delay. Should this not be done and should not adequate gas service be restored to its customers within a reasonable time, this matter may be reconsidered to determine whether Indian Creek Gas Company will be compelled by mandamus to perform its duty.

*Writ denied.*