457 S.E.2d 492 (1995)
193 W.Va. 555
STATE of West Virginia ex rel. the PUBLIC SERVICE COMMISSION OF WEST VIRGINIA, Petitioner
v.
GORE WATER ASSOCIATION, Respondent.
No. 22786.
Supreme Court of Appeals of West Virginia.
Submitted April 5, 1995.
Decided April 13, 1995.
Meyishi Blair, Staff Atty., Charleston, for petitioner.
PER CURIAM:
In this original proceeding in mandamus, the Public Service Commission of West Virginia seeks a writ to compel the Gore Water Association to comply with the Commission's order of May 11, 1993. Because the Commission's order is lawful and was not appealed, we grant the requested writ.

I
On January 11, 1995, the Commission petitioned this Court for a writ of mandamus. On March 1, 1995, we issued a rule to show cause returnable April 5, 1995. The matter was submitted upon the Commission's petition and exhibits. Gore is not represented by counsel and did not file an answer.
The Commission's May 11, 1993 order arose from a formal complaint filed by Mr. and Mrs. Aaron G. Gillespie against the Enlarged Hepzibah Public Service District. The Gillespies were refused water service by that District because Gore was providing water service to the Gillespies. Gore was joined as a defendant in the proceeding, and the Commission's staff filed a separate petition against Gore. The two matters were *493 consolidated under Case No. 92-0600-PWD-C.[1]
Gore is a nonprofit corporation that owns a water system consisting of approximately 3,000 feet of 4-inch pipe without any storage capability. Built by its members in 1954, Gore serves about 40 customers, none of whom is metered. Water is purchased from the Clarksburg Water Board and the water, repair and operational costs are divided among Gore's members.[2] In November 1992, the water bill for a Gore member was $18.00, which was considered good. Considering only the water purchase cost the November 1992 bill would "represent approximately 14,000 gallons, compared to the usually accepted average of 4,500 gallons." Maintaining that the Clarksburg Water Board tests the water, Gore refuses to comply with the Department of Health's requirement to collect bacteriological water samples.
Before the Commission, Gore alleged that because of its membership structure, the Commission lacks jurisdiction and the Rules of the Health Department do not apply. Gore argued it simply buys water for its members.
By order dated May 11, 1993, the Commission found that Gore is a public utility under W.Va.Code 24-1-2 [1979] and "should be required to file a certificate of public convenience and necessity with the Commission." As an alternative, Gore was permitted to explore having the Clarksburg Water Board acquire and operate the system.
The May 11, 1993 order of the Commission was not appealed to this Court. By letter dated July 30, 1993, the Commission reminded Gore of its order and sent Gore an application for the required certificate. According to the Commission's January 11, 1995 petition, Gore "continues in its blatant and cavalier violation of State law and your Petitioner's lawful orders."

II
W.Va.Code 24-1-2 [1979] defines a "public utility" to include "any person or persons, or association of persons, however associated, whether incorporated or not, including municipalities, engaged in any business, whether herein enumerated or not, which is, or shall hereafter be held to be, a public service." W.Va.Code 24-2-1 [1991] states that "[t]he jurisdiction of the commission shall extend to all public utilities in this state, and shall include any utility engaged in any of the following public services: ... supplying water,... by municipalities or others...." See Broadmoor/Timberline Apartments v. Public Service Commission of West Virginia, 180 W.Va. 387, 376 S.E.2d 593 (1988).
In Syl. pt. 3, Wilhite v. Public Service Commission, 150 W.Va. 747, 149 S.E.2d 273 (1966), we noted:
The test as to whether or not a person, firm or corporation is a public utility is that to be such there must be a dedication or holding out either express or implied that such person, firm, or corporation is engaged in the business of supplying his or its product or services to the public as a class or any part thereof as distinguished from the serving of only particular individuals; and to apply this test the law looks at what is being done, not to what the utility or person says it is doing.
In this case, the Commission found that Gore was a public utility, subject to its jurisdiction, because it supplied water to the public. In an earlier case, Gore Water Association, PSC Case No. 84-528-W-SC (1987), the Commission determined that no reason existed to require Gore to obtain a certificate of public convenience and necessity and, therefore, the Commission in 1987 declined "to exercise our authority until evidence of *494 abuse, discrimination or some other problem occurs at Gore." However, in this 1993 case, the Commission found that Gore's failure to comply with the Department of Health's orders concerning the testing of water was a serious problem requiring the Commission to exercise its jurisdiction.[3] On May 11, 1993, the Commission ordered Gore to either apply for a certificate of public convenience and necessity or explore having the Clarksbury Water Board acquire and operate Gore's water system. According to the Commission's petition, Gore has done neither.
W.Va.Code 24-2-2 [1935] states that "[t]he commission may compel obedience to its lawful orders by mandamus or injunction or other proper proceedings in the name of the state in any circuit court having jurisdiction of the parties or of the subject matter, or the supreme court of appeals direct, and such proceedings shall have priority over all pending cases." In Syllabus, State ex rel. Public Service Commission v. Willis, 150 W.Va. 175, 144 S.E.2d 630 (1965), we stated:
Mandamus is the proper remedy to compel a public utility to comply with a lawful order of the Public Service Commission of this State.
See State ex rel. Public Service Commission v. Indian Creek Gas Co., 154 W.Va. 835, 179 S.E.2d 574 (1971).
The petition alleges, and Gore does not deny, that Gore has failed to comply with the May 11, 1993 order of the Commission. Because the Commission has the clear legal right, in a proceeding in mandamus in this Court, to enforce compliance with its order by Gore, we grant the requested writ.
For the above stated reasons, the writ of mandamus sought is granted.
Writ awarded.
NOTES
[1] The Gillespies' complaint against the Enlarged Hepzibah Public Service District was dismissed because at the beginning of the November 5, 1992 hearing, an agreement among the parties was reached by which the Gillespies were released by Gore and were accepted for service by the Enlarged Hepzibah Public Service District.
[2] Commercial customers without a served residence pay two shares, but commercial customers with a served residence pay one share for their residence and one for the business. Some customers are renters, who because they are not association members, do not pay a share. The number of renters was not in the record. Gore's secretary/treasurer receives free water and is paid $17.50 per month.
[3] The Commission also noted that Gore's high water usage might be due to leakage or waste and that Gore had no provision for water line maintenance or replacement.