# CHARLESTON.

RANDALL GAS COMPANY v. STAR GLASS COMPANY.

Submitted April 18, 1916.    Decided April 25, 1916.

1.  PUBLIC SERVICE COMMISSION—*Proceedings—Notice.*

      In the exercise of the power and authority to change unjust or
    unreasonable intrastate rates, charges and tolls, so as to make
    them just and reasonable, conferred upon the Public Service Com-
    mission by sec. 5, ch. 9 of the Acts of 1913, notice to the patrons
    of the public service corporation to be affected by the order, of
    the intention of the Commission to make such alteration, is not
    required by the statute.    (p. 255).

2.  SAME—*Nature of Power—"Legislative Power."*

      The power of the Commission to alter rates, charges and tolls
    for public service, is delegated legislative power, and the procedure
    in the exercise thereof is also legislative in character.    (p. 255).

3.  SAME—*Proceedings—Notice.*

      The provisions of sec. 9 of said Act, forbidding changes of
    rates without previous notice to the Commission and the public,
    does not apply to changes actually made by the Commission itself.
    (p. 257).

4.  SAME.

      Permission granted to a public service corporation by the Com-
    mission, to increase its rates within maximum limits fixed by its
    order, is not a prescription of a new actual rate; and the maximum
    rate so fixed cannot be collected by the corporation, unless it has
    put it into effect in the manner prescribed by said section 9.    (p. 257).

5.  SAME—*Proceedings—Filing Schedule.*

      An order granting such permission is not tantamount to the
    filing with the Commission, of the schedule required by sec. 12
    of said Act, nor is it the equivalent thereof or a sufficient substi-
    tute therefor.    (p. 257).

Error to Circuit Court, Monongalia County.

Action by the Randall Gas Company against the Star Glass
Company.    Judgment for defendant, and plaintiff brings
error.

> *Affirmed.*

*Terence D. Stewart* and *Frank Cox,* for plaintiff in error.

*Lazzelle & Stewart,* for defendant in error.

POFFENBARGER, JUDGE:

The judgment under review, denying to the plaintiff right of recovery of the difference between the price of gas furnished by it to the defendant, at the rate prescribed by a contract between the parties, and the price thereof at a higher maximum rate subsequently fixed by the Public Service Commission, was rendered in a case appealed from the judgment of a justice, and on a finding by the court from an agreed statement of facts.

By a contract dated, January 19, 1905, the Randall Gas and Water Company, of which the plaintiff is successor, bound itself to supply the Star Glass Company, natural gas for a period of ten years, at five cents per thousand cubic feet for the first five years, not more than six cents for the next two years, not more than seven cents for the next two years and not more than eight cents for the next, or last year. In August, 1914, the gas company made application to the Public Service Commission for authority to change its rates, and, after publication of the application in one or more newspapers in the county, for four successive weeks, by the company, under an order of the Commission, permission to charge higher rates was granted by the Commission, September 25, 1914, without objection on the part of any of the applicant's patrons. The order then made permitted the company "to put into effect the following gas rates: For the first 150,000 cu. ft. 20c per M. cu. ft. For the second 150,000 cu. ft. 15c per M. cu. ft. All over 300,000 cu. ft. 10c per M. cu. ft." It is silent as to whether such quantities should be furnished or supplied and paid for monthly or otherwise. The glass company was not a party to the proceeding and was not personally served with any notice thereof. If it can be deemed to have had notice of it at all, such notice was merely constructive and effected by the newspaper publications of the petition or application. Though no claim was made, or bill rendered, under the new rates, until thirty days after the date of the order establishing them, they were not formally filed with the Commission nor published for the information of the public.

Power in the Legislature to regulate rates of public service corporations immediately and directly by its own act, or

mediately and indirectly by a commission or other tribunal created by it with authority to regulate them, is not denied. On the contrary, it is admitted, but an effort is made to exclude the rate in question, or the parties between whom it subsists, from the operation of the Public Service Commission Act. The grounds of this contention are not very clearly indicated. Denial of the application of the principles declared in *L. & N. Ry. Co.* v. *Motley,* 219 U. S. 469, and *City of Benwood* v. *Public Service Commission,* 75 W. Va. 127, 83 S. E. 295, is supplemented by the assertion that the legislature has no power to regulate rates against the interests of the people and in favor of a corporation. That the Public Service Commission may raise, as well as lower, rates, in the exercise of its power of regulation and restriction, has been expressly decided in the case last above mentioned; and the principles enunciated in the class of cases to which the two just referred to belong, fully sustain the jurisdiction and power of the Public Service Commission over rates of the character of the one here involved, if the plaintiff is a public service corporation.

There is no express stipulation that the Randall Gas Company is engaged in the business of furnishing gas by way of general public service, and the character of its business is not a fact within the judicial knowledge of the court, but the agreed statement of facts proceeds upon the assumption that it is engaged in such business. The order of the Public Service Commission treats it as a public service corporation, and paragraph 7 of the statement of agreed facts speak of its "rates to consumers." Obviously, therefore, its status was not regarded as a matter in controversy and was treated as a concessum in this case. The record thus discloses one of those instances of more or less embarrassment to the administration of justice, occasioned by the failure of the parties to put into the case material facts well known to themselves and conceded, either by oversight or upon the assumption that they are within the knowledge of the court.

For the extent to which the legislature has seen fit to exercise its acknowledged power of regulation over such corporations, resort to implication or doubtful expressions is unnecessary. On this subject, the terms of the act creating

the Commission and defining its powers are clear and distinct. Section 3 confers jurisdiction over gas companies, electric lighting companies and municipalities furnishing gas or electricity for lighting, heating or power purposes. Section 6 expressly forbids the collection or receipt from any person, firm or corporation, of a greater or less compensation for any service rendered or to be rendered, than it charges, demands, collects or receives from any other person, firm or corporation, for doing a like and contemporaneous service under the same or substantially similar circumstances and conditions. Section 7 inhibits the allowance by any public service corporation, of any undue or unreasonable preference or advantage to any particular person, company, firm, corporation or locality, or any particular character of traffic or service, in any respect whatsoever. Section 4 says "All charges, tolls, fares and rates shall be just and reasonable." To enable the Commission to effectuate the policy thus declared, section 5 expressly authorizes and empowers it to "change any intrastate rate, charge or toll which is unjust or unreasonable" and to "prescribe such rate, charge or toll as would be just and reasonable," and to "change or prohibit any practice, device or method of service in order to prevent undue discrimination or favoritism as between persons, localities, or classes of freight."

Process in the form of notice to a corporation to be affected by a contemplated or intended order of the Commission, to be made under the power conferred upon it by section 5 of the Act, or to the patrons of such a corporation, is neither contemplated, nor provided for, by the Act, nor is it essential to the validity thereof. The power conferred upon the Commission is legislative in character. The duty of the Commission is the execution of the legislative mandate, respecting the matters committed to its jurisdiction. It does not possess unlimited or unrestricted power. In the devolution of certain duties upon it, the legislature has not abdicated, surrendered nor wholly delegated its powers respecting those subjects. There is a legislative declaration of principles and policies by which the Commission is bound. Within these principles and not beyond them, subordinate and minor duties are dele-

gated to the Commission, but in the prescription or alteration of rates, its powers are the same in character as those of the Legislature itself. *State ex rel. Public Service Commission* v. *Baltimore & Ohio R. Co.*, 7⁶W. Va. 3₹9, 85 S. E. 714; *United Fuel Gas Company* v. *Public Service Commission*, 73 W. Va. 571. Of course, such limitations upon these powers as the Legislature has seen fit to impose, in the matter of procedure or otherwise, must be respected and obeyed; but section 5 of the act, conferring power to change any intrastate rate, charge or toll which is unjust or unreasonable and prescribe such charge, rate or toll as would be just and reasonable, is not hampered, clogged, nor weighted by any requirement of notice. Upon its own motion or otherwise, the Commission may investigate any such rate, and, if necessary, so alter it as to make it conform to the requirements of the statute. The omission of the requirement of notice assimilates the procedure of the Commission to that characterizing legislative action, and it is justified and sustained by those reasons of public policy upon which notice is dispensed with in legislation. This does not leave the public service corporations or their patrons at the mercy of the Public Service Commission, for it is not authorized to put its orders into effect by any process of its own. In cases of disobedience or disregard thereof, the Commission must apply to the courts for process to compel observance of its orders. Moreover, any person aggrieved by such an order may apply to the courts for relief therefrom. *United Fuel Gas Co.* v. *Public Service Commission*, 73 W. Va. 571; *State ex rel. Public Service Commission* v. *Baltimore & Ohio R. Co.*, 77 W. Va. 339, 85 S. E. 714. And a claim founded upon an order of the Commission, as this one is, may be resisted in the courts, upon grounds of illegality, just as a claim founded upon a statute may be. All of its actions are subject to judicial review in any proper manner. Suits by the Commission to enforce obedience to its orders may be resisted. Application may be made to the courts by the corporation affected, or by any of its patrons, for annullment of the order. But these remedies are not exclusive. If they are omitted and the corporation seeks relief on an invalid order, defense may be made on the ground of its invalidity.

The legislative deference to preexisting rights and procedure, thus found in the terms of. the new law, is not the only one it discloses. Within the limitations prescribed by law, or in the absence of a statute restricting their powers, public service corporations had power and authority to initiate rates and make alterations in established rates, without legislative permission or sanction. This right was not wholly taken away. On the contrary, it was recognized and merely regulated. Section 9 of the Act, recognizing it, requires thirty days notice from the corporation to the Commission and to the public, of the intention to make such changes and of the character thereof. It prescribes a rule or limitation to persons, firms and corporations engaged in the public service, not a rule of action or method of procedure for the Commission. Nor does it pertain or relate to rates, charges or tolls prescribed or established by the Commission. Section 5 of the Act declares that every order entered by the Commission shall continue in force until the expiration of the time, if any, named by the Commission in such order, or until revoked or modified by the Commission, unless the same be suspended, modified or revoked by order or decree of a court of competent jurisdiction. Manifestly, section 9 is not a limitation upon the powers of the Commission and does not apply to a rate mandatorily established by it.

Lack of prescription of the periods within which the quantities of gas specified should be furnished at the rates stated, did not invalidate the order. It was amendatory of the contract rate which provided for monthly payments. Every such order would necessarily have to be read in the light of the rate modified by it, whether prescribed by rule, custom or contract, and the old rate allowed to operate except in so far as altered by the modifying order.

Though the order of the Commission is valid, it does not mandatorily prescribe any rate. It merely permits an increase thereof. In other words, it prescribes maximum rates higher than those stipulated in the contract between the parties. The permission thus sought and obtained may not have been necessary to a departure by the corporation from the contract rate. The act of the legislature requiring reason-

ableness in all rates may have abrogated the contract rate, in so far as it was a matter of contract, by its own force and vigor. Likely it did, but, if not, the Commission had undoubted power to do so, under the legislative act. But the grant of permission to increase the rate did not amount to a prescription of a new rate by the Commission. The effect of the order is to enable the corporation itself to increase its rates, within the limitations prescribed by the order. How this should be done it did not say. It most clearly did not itself determine the increase and put it into effect. That function was left to the corporation for performance in conformity with law. In other words, the corporation was bound to comply with the provisions of section 9 of the act, requiring it to give thirty days notice to the Commission and the public, of the change in its rates, with a plain statement of the changes proposed to be made and the time at which such changes would become effective. That this was not done is disclosed by the statement of agreed facts. Clause 8 of that statement says plaintiff never gave any notice, other than the published notice of its application to the Commission, of its intention to change the rates charged to the defendant, until it sent in its bills for gas based on the meter readings for the months of October and November. But the publication was not a notice of an actual change of rates. It was a mere notice of an application to the Public Service Commission for a permit to increase rates. Whether it was general in its terms or specific, clearly indicating the increase to be asked for, does not appear. Nor does it appear whether the permission given was coextensive with the relief asked. As the order was made ''Upon consideration of the matters and things set out in the application and upon consideration of the evidence produced before the Commission,'' the permit granted may have been much narrower than the one asked. If it could be said that publication of the notice of such an application, setting forth in detail the proposed changes, would be a compliance with the requirements of section 9 of the act, the record affords no means of ascertainment of the rate asked for in this instance. There is no contention that it would be. The argument is that neither section 9 nor sec-

tion 12 has any application, that the order of the Public Service Commission is the equivalent of a rate or schedule filed under section 12, and that the making of the rate by the Commission dispenses with the necessity of compliance with the provisions of section 9. All of this is based upon the erroneous assumption that the order prescribes rates. It does not do so. It is merely "That the Randall Gas Company, a corporation, be and it is hereby allowed to put into effect the following gas rates." There is no order that it do so, nor any declaration that it will. Hence, the order is not tantamount to a filed schedule nor to the statutory notice of a change of rates.

Under the principles and conclusions here stated, the judgment complained of is right and will be affirmed.

*Affirmed.*