## CHARLESTON.

H. K. CANTRELL *v.* BOARD OF EDUCATION OF LEE DISTRICT *et als.*

(No. 6361)

Submitted May 7, 1929.     Decided May 14, 1929.

*E. A. Hansbarger,* for plaintiff in error.
*James Damron,* for defendant in error.

MAXWELL, JUDGE:

The plaintiff in error (relator) prosecutes this writ of error to an order of the circuit court of Mingo county refusing a

peremptory writ of mandamus against the Board of Education of Lee District of said county, J. A. Maynard, President of said Board, Noah Stepp and E. T. Thompson, Commissioners, respondents.

On the 4th day of February, 1927, the Board of Education of Lee District, then composed of James A. Farley, W. A. Meyers and E. T. Thompson, employed relator for a term of twelve months beginning the first of July, 1927, as assistant supervisor of the Lee District public schools. Farley and Meyers were succeeded by Maynard and Stepp on the first day of July, 1927. Immediately following said date, the matter of the employment of relator was given attention by the Board, and the same was continued from time to time until the 9th day of August, 1927, on which date, the Board entered an order discontinuing both the offices of district supervisor of schools and assistant supervisor for said district, and dispensed with the services of both T. J. Perry, district supervisor, and relator as assistant supervisor. Relator then instituted this proceeding, and in his petition prayed that the respondents be commanded and required to recognize the employment of relator as assistant supervisor, and to turn over and deliver to him the papers, orders and other effects rightly belonging to such office; to issue forthwith to relator an order or warrant in payment of all salary due relator by reason of his said office; and to lay a levy and tax upon the taxable property within the limits of said district to pay off and discharge the salary of relator as such assistant supervisor of schools. An alternative writ was awarded. A return was made in due time, and testimony was taken by both the relator and the respondents. Following a hearing on pleadings and proof the circuit court, on the 21st day of December, 1927, denied the peremptory writ sought by the relator and awarded costs against him. On the 13th day of August, 1928, upon application to one of the Judges of this Court, in vacation, this writ of error was awarded.

On behalf of relator it is said: "True, the term of office for which he was employed has long been at end, and the plaintiff would not now be entitled to the delivery of the papers and other effects and paraphernalia of the office, yet,

under this prayer, and under the prayer of the petition filed before this Honorable Court, asking that the Board of Education be required to recognize the employment of plaintiff as assistant supervisor of public schools, under and by reason of his said contract, this, now, is what the plaintiff asks the court to do.'' The law does not sustain this position.

''Mandamus is very generally described as an extraordinary remedy in the sense that it can be used only in cases of necessity where the usual forms of procedure are powerless to afford relief; where there is no other clear, adequate, efficinct and speedy remedy.'' 38 C. J., page 544. In this case it is plain that by reason of the expiration of the year for which relator claims that he was employed as assistant supervisor, there remains only his claim for salary for the said period. He has full opportunity to test that claim in an action of assumpsit. Such remedy is full and complete, and the relator is not entitled to prosecute this proceeding as a preliminary to such action. ''The rule that title must first be established by direct proceedings does not apply when there is no *de facto* incumbent of the office.'' 46 C. J., 1028. The question of his right to enter upon the discharge of the duties of the office has become moot. It would be a vain and useless thing for this Court to undertake to adjudicate that subject now. This proceeding involves the assertion of a mere abstract right. Mandamus may not be so employed. This principle has often been declared and employed by this Court.

''The extraordinary writ of mandamus will never be issued in any case where it is unnecessary, or where, if used, it would prove unavailing, fruitless and nugatory. The court will not compel the doing of a vain thing. A mere abstract right, unattended by any substantial benefit to the party asking mandamus, will not be enforced by the writ.'' *Hall* v. *Staunton,* 55 W. Va. 684. Subsequent cases are in accord: *Hawkins* v. *Bare & Carter,* 63 W. Va. 431; *Ice* v. *Board of Canvassers,* 64 W. Va. 544; *Bank* v. *Dunkle,* 65 W. Va. 210; *State ex rel. Ryan* v. *Miller,* 82 W. Va. 490; *Johnson* v. *Board of Canvassers,* 102 W. Va. 703.

"The matter involved must be substantial and of sufficient importance to justify the use of mandamus in cases where it would otherwise issue. Where the right sought to be enforced is or has become a mere abstract right, the enforcement of which by reason of some change of circumstances since the commencement of the suit can be of no substantial or practical benefit to the petitioner, the writ will not be awarded, although otherwise the applicant would be entitled to the writ. Mandamus proceedings are not available for the purpose of obtaining a decision on mere moot questions." 38 C. J., page 587.

The judgment of the circuit court is affirmed.

*Affirmed.*