STATE OF WEST VIRGINIA

*v.*

RONALD LEE REEL

(No. 12757)

Submitted January 28, 1969.    Decided February 25, 1969.

*VanMeter & VanMeter, John G. VanMeter, K. C. Van-Meter, Jr.,* for plaintiff in error.

*Chauncey H. Browning, Jr.,* Attorney General, *Leo Catsonis,* Assistant Attorney General, for defendant in error.

HAYMOND, PRESIDENT:

On November 7, 1961, during the regular November term of the Circuit Court of Grant County, the grand jury attending that court returned three indictments against the defendant, Ronald Lee Reel, whose age was more than sixteen years but less than twenty-one years, each of which charged him with the crime of breaking and entering. On the following day the defendant appeared in court in person and by his court appointed counsel and upon his arraignment entered his plea of guilty to each indictment. After accepting the plea in each case the court deferred the imposition of sentence until November 17, 1961, at which time the court committed the defendant to the custody of the State Commissioner of Public Institutions, with directions that the defendant be committed to the forestry camp, near Davis, West Virginia, for a period of one year, such commitment to run concurrently with the commitments upon the other indictments and that upon his release from the forestry camp the defendant should appear before the court for probation and parole upon

648

such terms and conditions as the court should at that time impose.

On September 11, 1962, after the defendant had been released because of his good conduct during his confinement at the forestry camp, he was placed on temporary probation in each case and directed to appear before the court in November 1962 for determination by the court at that time of the final terms and provisions of the probation granted the defendant in lieu of or in addition to certain terms of probation which had been previously imposed by the court.

Subsequently, on November 5, 1962, December 9, 1963, April 17, 1964, July 14, 1964, November 4, 1964, April 15, 1965 and November 21, 1967, the defendant appeared in court, as directed, but upon each appearance the court continued each case and held no further hearing with respect to the probation of the defendant or the determination of the terms and provisions of such probation and imposed no additional sentence on each indictment until November 29, 1967 which was more than five years and two months after the defendant had been placed on probation on September 11, 1962. On November 29, 1967, it appearing that the defendant had committed numerous violations of his probation, the circuit court, by order of that date upon each indictment after a hearing at which the defendant was present in person and by counsel, revoked the probation previously granted the defendant and sentenced him upon each indictment to be confined in the penitentiary of this State for not less than one year or more than ten years and provided that such sentences should be concurrent and that the defendant should be given credit upon each sentence for the period of his confinement at the forestry camp; and the defendant was remanded to the custody of the sheriff of Grant County for transfer to the penitentiary of this State, where he is now confined pursuant to the sentence imposed upon each indictment on November 29, 1967.

The circuit court treated the prosecutions of the defendant on the three indictments as a single case and they

were consolidated and heard together without objection by any party. Upon the application of the defendant, which alleges that the three separate indictments were treated together and as a unit by the circuit court and should be so considered in this Court, a writ of error and supersedeas was granted on July 15, 1968.

By written stipulation of the attorneys representing the State and the defendant, it is agreed that the writ of error and supersedeas granted by this Court should extend and apply to the final judgment upon each indictment and that the three separate indictments should be dealt with and considered together and as a single proceeding in this Court.

The defendant assigns as reversible error the action of the circuit court in imposing sentence of confinement in the penitentiary more than five years after the defendant was placed on temporary probation on September 11, 1962 and asserts that the circuit court was without jurisdiction to impose such sentence after the expiration of five years from the time that such probation was granted the defendant and that the action of the circuit court in so sentencnig the defendant upon each indictment was void and of no effect.

On the contrary it is contended in behalf of the State of West Virginia that the applicable statute, Section 6, Article 4, Chapter 25, Code, 1931, as amended, relating to a male defendant who has attained his sixteenth birthday but has not reached his twenty-first birthday, under which the defendant was placed on probation and dealt with by the circuit court, imposes no time limit upon the period of probation that may be granted by the court in such case and that the circuit court, under that statute, had jurisdiction to revoke the probation granted the defendant and to sentence him to confinement in the penitentiary of this State on November 29, 1967, after the expiration of five years from September 11, 1962 when probation was granted and that the sentence on each indictment is authorized by law and is valid.

In the decision of the controlling question whether the circuit court, after the expiration of five years from the date the defendant was placed on probation, had jurisdiction to revoke the probation and sentence the defendant to confinement in the penitentiary, it is necessary to consider the effect of the applicable statutes and whether, under such statutes, the foregoing action of the circuit court was valid.

Section 11, Article 12, Chapter 62, Code, 1931, as amended, the general probation statute enacted in 1939, provides, in part, that "The period of probation together with any extension thereof shall not exceed five years." Section 6, Article 4, Chapter 25, Code, 1931, as amended, relating to the probation of any male youth convicted of or pleading guilty to a criminal offense other than a capital offense who has attained his sixteenth birthday but has not reached his twenty-first birthday at the time of the commission of the crime and which is the statute under which the circuit court granted probation to the defendant and which was enacted in 1955 and subsequent to the enactment in 1939 of Section 11, Article 12, Chapter 62, Code, 1931, as amended, provides that such juvenile defendant may be committed by the court to the custody of the West Virginia Commissioner of Public Institutions to be assigned to a forestry camp for confinement for a period of one year or longer if deemed advisable by the camp superintendent but in no event to extend beyond the period of two years; that if in the opinion of the superintendent such offender is an unfit person to remain in the camp he shall be returned to the court which committed him to be further dealt with according to law and that the court may place him on probation or sentence him for the crime for which he has been convicted; that in his discretion the judge of such court may allow the defendant credit on his sentence for the time he has spent in the forestry camp; that when, in the opinion of the superintendent, any boy has satisfactorily completed the camp training program and the term for which he was assigned has expired, such male offender shall be returned to the jurisdiction of the court which originally committed him; that he shall be eligible

for probation and the judge of the court shall immediately place him on probation; and that in the event probation is subsequently revoked by the judge such offender shall be given the sentence he would have originally received had he not been committed to the camp and subsequently placed on probation.

As already indicated, though the defendant was placed on temporary probation on September 11, 1962, the circuit court did not fix or specify any definite period of the duration of such probation. The statute under which the circuit court acted does not specify any limit or length of time of the probation which may be granted by the court under the statute but, as also indicated, Section 11, Article 12, Chapter 62, Code, 1931, as amended, expressly provides that a period of probation, and any extension of such period, shall not exceed five years.

The foregoing two statutes deal with the common subject of probation of persons convicted of a criminal offense and in determining their scope and effect, should be read and considered together. This Court has held in numerous cases that statutes relating to the same subject should be read together although they were enacted at different times and the subsequent statute makes no reference to the prior statute. *Owens-Illinois Glass Company* v. *Battle,* 151 W. Va. 655, 154 S. E. 2d 854; *Delardas* v. *Morgantown Water Commission,* 148 W. Va. 776, 137 S. E. 2d 426, and the many cases cited in the opinion in the *Delardas* case. In the *Delardas* case, point 1 of the syllabus contains this language: "Statutes relating to the same subject, regardless of the time of their enactment and whether the later statute refers to the former statute, are to be read and construed together and considered as a single statute the parts of which had been enacted at the same time." In *State ex rel. Schroath* v. *Condry,* 139 W. Va. 827, 83 S. E. 2d 470, this Court held in point 1 of the syllabus that "Statutes relating to the same subject matter must be read and applied together, whether passed at the same or different times." In *White* v. *Morton,* 114 W. Va. 29, 171 S. E. 762, in point 1 of the syllabus, this Court said: "Two statutes

relating to the same subject should be read together, although they were enacted at different times and the latter makes no reference to the former." The two foregoing statutes dealing with the subject of probation must be read together, as is required by the decisions of this Court. It is clear that although Section 6, Article 4, Chapter 25, Code, 1931, as amended, places no time limit upon the period of probation which may be granted by the court to a youthful male offender who has been convicted of a criminal offense and although no period of probation of the defendant as such offender was fixed by the circuit court, the period of probation, and any extension, whether fixed or not fixed, can not exceed the period of five years and that after probation has continued for a period of more than five years, as has occurred in the instant case, the court which granted such probation can not after that period of time revoke such probation or impose any sentence upon the offender who has been convicted of a criminal offense and has been placed on such probation. *State ex rel. Render* v. *Wood,* 152 W. Va. 484, 165 S. E. 2d 102; *State ex rel. Strickland* v. *Melton,* 152 W. Va. 500, 165 S. E. 2d 90.

In the *Render* case, a proceeding in prohibition, this Court, in point 3 of the syllabus, held that "In a case in which one has been convicted of a felony upon his plea of guilty and, on a subsequent day, the court suspends the imposition of sentence upon such conviction and releases the prisoner on probation for a period of three years, and such period of probation is not extended pursuant to the provisions of Code, 1931, 62-12-11, as amended, the court has no jurisdiction, after the expiration of such three-year period, to revoke the probation and to sentence the prisoner to the penitentiary upon such conviction, and the court's action in doing so is void and a nullity."

In the *Strickland* case, a habeas corpus proceeding, the defendant was indicted for the crime of forcible rape on January 24, 1964 and entered a plea of guilty to the indictment. On July 2, 1964 imposition of sentence was suspended and he was placed on probation for a period of three years.

Later on May 21, 1965 and within the three year period, his probation was revoked and he was sentenced upon his conviction for forcible rape to confinement in the penitentiary for an indeterminate term of five years to twenty years with credit for 229 days which he had spent in jail. On August 22, 1968, which was more than three years after Strickland was placed on probation, the intermediate court, in which he had been convicted and sentenced, set aside the original sentence imposed on May 21, 1965 and resentenced him to an indeterminate term of five years to twenty years in the penitentiary of this State. This Court held that there was no valid revocation of the three year period of probation because Strickland was not represented by counsel when the court undertook to revoke his probation and sentenced him to confinement in the penitentiary and that the probation granted him on July 2, 1964 continued in full force and effect until the expiration of the three year period in July 1967. In that case this Court held in point 5 of the syllabus that "A probationer who at all times during the period of his valid probation has been available for the service of process of the court which granted such probation and set aside the sentence of imprisonment for the offense of which he was convicted may not again be sentenced for such offense after the expiration of his probationary period."

Counsel for the State cites and relies upon authority to the effect that when a period of probation is not specified in the order granting probation the period is deemed to be for the maximum possible period of imprisonment, which here would be a period of ten years. 21 Am. Jur. 2d, Criminal Law, Section 562; 24 C. J. S., Criminal Law, Section 1618 (9). These authorities would, of course, apply where there is no statutory limitation upon the period of probation; but they do not apply, control or govern the decision in this case for the reason that Section 11, Article 12, Chapter 62, Code, 1931, as amended, expressly limits the period of any probation or its extension to five years. Because of this statutory provision the foregoing authorities, cited by the State, do not here apply.

It necessarily follows that after the expiration of five years from the date that the defendant was placed on temporary probation by the circuit court that court was without power or authority to revoke such probation or to sentence the defendant for the criminal offense of which he had been convicted. This Court, therefore, holds that the court which grants probation to a youthful male defendant between the ages of sixteen years and twenty-one years, who at all times during the period of probation was within the jurisdiction of the court, and which probation was not for any specified period of time and was not revoked during a period of five years, is without jurisdiction to impose a sentence of imprisonment after the expiration of five years from the date such defendant was placed on probation; that the action of the court in imposing such sentence is void; and that such judgment will be reversed and set aside on writ of error and the defendant will be released from such imprisonment. The sentence of not less than one year or more than ten years imposed upon the defendant on November 29, 1967 is void and must be reversed and set aside. This is so even though it appears that the defendant had violated his temporary probation at various times during the period of five years and that notwithstanding such violations the court did not revoke such probation before the expiration of that period of time.

The judgment of the Circuit Court of Grant County of imprisonment imposed upon the defendant upon each of the three indictments is reversed and set aside and this proceeding is remanded to that court with directions to dismiss each of the three indictments against the defendant and to order his release from confinement in the penitentiary of this State.

*Reversed and remanded with directions.*